IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| COLLETTE Y. WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 16-2105-JDT-tmp |
| | ) | |
| MARK A. LAMBERT, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION FOR DISMISSAL,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Collette Y. Williams, a resident of Memphis, Tennessee, filed a *pro se* complaint on the form used for commencing an action under 42 U.S.C. § 1983 on February 16, 2016, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) United States Magistrate Judge Tu M. Pham subsequently granted leave to proceed *in forma pauperis*. (ECF No. 4.) On March 29, 2016, Magistrate Judge Pham issued a Report and Recommendation ("R&R") in which he recommended dismissing the case *sua sponte*. (ECF No. 5.) Plaintiff filed a timely objection to the R&R on April 11, 2016. (ECF No. 6.)

Plaintiff sued Mark A. Lambert, a Memphis attorney who represented her in a workers' compensation case against her former employer. She appears to allege that his representation was unprofessional because he was a poor communicator, became angry when she would not settle her case out of court, and called her an "idiot." (ECF No. 1 at 2.) In the

R&R, Magistrate Judge Pham determined that Plaintiff's complaint did not state a claim under 42 U.S.C. § 1983 because there is no allegation that the Defendant acted under color of state law. The Magistrate Judge also determined that, to the extent Plaintiff is attempting to assert any claim under state law, there is no diversity of citizenship because both parties are residents of Tennessee.

Plaintiff's objection does not specifically address the Magistrate Judge's findings. Instead, she merely reiterates her dissatisfaction with the Defendant's handling of her case. However, nothing in the objection warrants rejecting the Magistrate Judge Pham's conclusions. Accordingly, Plaintiff's objection is OVERRULED. The Court hereby ADOPTS the R&R and DISMISSES this case for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and for lack of subject matter jurisdiction, pursuant to Federal Rules of Civil Procedure (b)(1) and (h)(3).

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Federal Rule of Appellate Procedure 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999). However, Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to

proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* The same considerations that lead the Court to dismiss this case for failure to state a claim and lack of subject matter jurisdiction also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                           s/ **James D. Todd**
                                           JAMES D. TODD
                                           UNITED STATES DISTRICT JUDGE